| | |
|---|---|
| **GILPIN COUNTY DISTRICT COURT, STATE OF COLORADO**<br><br>**Court Address:**<br>**2960 Dory Hill Road**<br>**Suite 200**<br>**Black Hawk, CO 80422** | DATE FILED: March 23, 2020 3:55 PM<br>FILING ID: 9F548C63ED50C<br>CASE NUMBER: 2020CV30008 |
| Plaintiff(s): **JOHN CHEVARRIA & KELLEY CHEVARRIA**<br><br>v.<br><br>Defendant(s): **GAMING AND LEISURE PROPERTIES, INC.; GOLD MERGER SUB, LLC; PINNACLE ENTERTAINMENT, INC. & AMERISTAR CASINO BLACK HAWK, LLC d/b/a AMERISTAR BLACK HAWK** | ▲**COURT USE ONLY**▲<br><br>Case No.:<br><br>Courtroom: |
| *Attorneys for Plaintiff:*<br>**Patrick & Knoebel, LLC**<br>Tyler C. Patrick, #51999<br>Corey W. Knoebel, #52071<br>2828 North Speer Boulevard #140<br>Denver, Colorado 80211<br>(303) 567-6277<br>tyler@patrickandknoebel.com<br>corey@patrickandknoebel.com<br><br>**Overstreet, Homar & Kuker**<br>Travis Koch, #45845<br>508 E. 18th Street<br>Cheyenne, Wyoming 82001<br>(307) 274-4444<br>travis@kukerlaw.com | |
| **COMPLAINT & JURY DEMAND** | |

COME NOW the Plaintiffs, John Chevarria and Kelley Chevarria, by and through undersigned counsel, Patrick & Knoebel, LLC and Overstreet Homar & Kuker, and for Plaintiffs' Complaint against the above-captioned Defendants, state and allege as follows:

## **PARTIES**

1. Plaintiffs John and Kelley Chevarria are, and were at all relevant times, residents of Cheyenne, Wyoming.

2. Plaintiffs John and Kelley Chevarria are, and were at all relevant times, legally married to each other.

3. At all times relevant, Defendant Gaming and Leisure Properties, Inc. (hereinafter "Defendant GLPI") was and is a foreign corporation, organized under the laws of the State of Pennsylvania, which is authorized to do business and is in good standing in the State of Colorado, and transacts business in said state, including in Gilpin County, Colorado.

4. At all times relevant, Defendant Gold Merger Sub, LLC (hereinafter "Defendant Gold Merger Sub") was and is a Colorado Limited Liability Company with its principal office address located at 845 Berkshire Boulevard, Suite 200, Wyomissing, Pennsylvania 19610.

5. At all times relevant, Defendant Pinnacle Entertainment, Inc. (hereinafter "Defendant Pinnacle") was and is a foreign corporation, organized under the laws of the State of Delaware, which is authorized to do business and is in good standing in the State of Colorado, and transacts business in said state, including in Gilpin County, Colorado.

6. At all times relevant, Defendant Ameristar Casino Black Hawk, LLC d/b/a Ameristar Black Hawk (hereinafter "Defendant Ameristar") was and is a Colorado Limited Liability Company with its principal office address at 111 Richman Street, Black Hawk, Colorado 80422.

7. On information and belief, and at all times material, Defendant GLPI, Defendant Gold Merger Sub and/or Defendant Pinnacle Entertainment owned, operated, controlled and/or was in possession of the real property in which Ameristar Casino Resort Spa Black Hawk (hereinafter "Ameristar Black Hawk" and/or "hotel"), a hotel and casino, is operated, and participates in the operation of Ameristar Black Hawk, located at 111 Richman Street, Black Hawk, Gilpin County, Colorado 80422.

8. On information and belief, and at all times material, Defendant Ameristar owned, leased, controlled and/or was in possession of the real property in which Ameristar Black Hawk, a hotel and casino, is operated, and participates in the operation of Ameristar Black Hawk, located at 111 Richman Street, Black Hawk, Gilpin County, Colorado 80422.

## JURISDICTION AND VENUE

9. The incidents which form the basis of this complaint occurred on May 12, 2018.

10. Pursuant to C.R.C.P 98(c), jurisdiction and venue are proper because the acts, omissions and events giving rise to this claim occurred solely in the County of Gilpin, State of Colorado, and the torts complained of herein occurred in said county and state.

11. As a direct and proximate result of the acts, omissions and events complained of herein, Plaintiffs have sustained damages in excess of the minimum jurisdictional limits of this court.

## GENERAL ALLEGATIONS

12. All of the preceding paragraphs are incorporated as though fully set forth herein.

13. The premises at issue herein, the Ameristar Black Hawk, is a hotel and casino located at 111 Richman Street, Black Hawk, Colorado.

14. On information and belief, on May 12, 2018, the Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar was or were in exclusive possession of Ameristar Black Hawk located at 111 Richman Street, Black Hawk, Colorado, maintained control of said premises, and had a duty to undertake maintenance of said premises to protect the members of the general public, including the Plaintiffs, invited and solicited to stay as guests of the Ameristar Black Hawk located on such premises from foreseeable harm and danger.

15. Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar invited the general public to enter Ameristar Black Hawk located at 111 Richman Street, Black Hawk, Colorado and transact business in said hotel and casino for the mutual benefit of the customer and of said Defendants.

16. Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar is, and at all times material hereto was, a "landowner" as defined by the Colorado Premises Liability Act, C.R.S. Section 13-21-115, et. seq. and was an entity responsible, in whole or in part, for activities conducted on the premises of the Ameristar Black Hawk, and conditions existing therein.

17. The Ameristar Black Hawk has an indoor swimming pool which is located on the rooftop of the hotel, as well as an outdoor hot-tub area which is located on the patio of the hotel's rooftop. The indoor pool area and patio are separated by a glass wall and a door that can be used to enter or exit each area.

18. In order the access the rooftop pool and hot tub area of the hotel by elevator, guests of Ameristar Black Hawk must use a specific bank of elevators to transport themselves from other floors of the hotel to the rooftop pool area. Said elevator bank contains the only elevators that provide access to the hotel's rooftop pool area.

19. Ameristar Black Hawk's elevators require guests to use a key card to access the rooftop.

20. At all times of the events described herein on May 12, 2018, Plaintiffs John and Kelley Chevarria were invitees of the subject premises as hotel guests of the Ameristar Black Hawk.

21. On the morning of May 12, 2018, Plaintiffs John and Kelley Chevarria left their hotel room at Ameristar Black Hawk and went to the hotel rooftop to use its outdoor hot tub.

22. After using the outdoor hot tub for a short period of time, Plaintiffs exited the tub and walked to the door entering the indoor pool area.

23. Once indoors, Plaintiffs John and Kelley Chevarria carefully toweled off to prevent dripping on the way back to their hotel room.

24. After toweling off, Plaintiffs John and Kelley Chevarria then walked the short distance from the pool area to the rooftop elevator bank to return from the hotel roof top to their room.

25. The flooring from the pool area to the rooftop elevator bank is made of many materials, however, the flooring in the area of the rooftop elevator bank consists of a smooth tile surface.

26. Once the elevator arrived, Plaintiff John Chevarria took one step on the tile in front of the elevator, slipped on standing water that was invisible on the tile floor, and fell hard onto the floor.

27. The standing water had accumulated on the tile in front of the elevator as the result of other hotel guests that had used the pool or hot tubs and walked to the elevators without fully drying off.

28. It was reasonably foreseeable to Defendants that hotel guests of Ameristar Black Hawk that had used the pool or hot tubs would have to wait for an elevator to return them to their rooms, and would drip water on the floor, including the smooth tile surface in front of the elevators.

29. At the time of the subject incident, Ameristar Black Hawk did not have any floor mats placed upon or other slip-resistant materials applied to the smooth tile surface in front of the rooftop elevators.

30. At the time of the subject incident, Ameristar Black Hawk did not have any signage or other posting to warn hotel guests that the area in front the rooftop elevators was slippery or otherwise presented a danger to hotel guests.

31. Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar owed its hotel guests, including Plaintiff John Chevarria, the non-delegable duty to use reasonable care to protect hotel guests on its premises from all unreasonable risks to their health and safety which were or should have been known to said Defendants.

4

32. Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar owed its hotel guests, including Plaintiff John Chevarria, the non-delegable duty to use reasonable care to warn said hotel guests of any dangers they might encounter which were or should have been known to Defendants.

33. Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar owed its hotel guests, including Plaintiff John Chevarria, the non-delegable duty to use reasonable care to properly maintain its premises and hotel to prevent said hotel guests from encountering preventable hazards in said premises, and prevent such customers from suffering injuries which could result in severe and permanent physical harms and losses.

34. Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar owed its hotel guests, including Plaintiff John Chevarria, the non-delegable duty to use reasonable care to identify hazards which may exist in its hotel by virtue of its choices of flooring and the placement of such flooring, and to use reasonable care to protect its customers from foreseeable injury caused by such choices.

35. Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar owed its hotel guests, including Plaintiff John Chevarria, the non-delegable duty to use reasonable care to train its employees to identify potential circumstances which could cause injury to hotel guests who patronize Ameristar Black Hawk, and to use all reasonable safety methods to protect themselves and hotel guests from avoidable injury.

36. Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar knew or in the exercise of reasonable care should have known that the tile flooring in the rooftop elevator bank area created a dangerous condition that presented an unreasonable risk to the health and safety of hotel guests on its premises, including Plaintiff John Chevarria.

37. Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar breached their duty to hotel guests of Ameristar Black Hawk, including Plaintiff John Chevarria, by failing to use reasonable care to protect said hotel guests, against the dangerous condition on the property, with actual or constructive knowledge of the danger, by failing to remove, correct or protect against said danger, by failing to warn hotel guests, including Plaintiff John Chevarria, about the existence of the hazard and danger which was, or reasonably should have been known, and by failing to properly and adequately maintain said premises to prevent hotel guests from exposure to unreasonable dangers in said premises.

38. Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar, by choosing to install smooth tile flooring in a high traffic area where it was foreseeable that water would regularly accumulate, breached its duty to protect its hotel guests, including Plaintiff John Chevarria, from a dangerous condition on its premises that presented an unreasonable risk of harm to hotel guests, including Plaintiff John Chevarria.

39. Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar, by failing to place floor mats or some other slip-resistant material on the tile flooring in the high traffic area of the rooftop elevators where it was foreseeable that water would accumulate, breached its duty to protect its hotel guests, including Plaintiff John Chevarria, from a dangerous condition on its premises that presented an unreasonable risk of harm to hotel guests, including Plaintiff John Chevarria.

40. Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar, by failing to maintain and/or remove standing water in the area of the rooftop elevators, breached its duty to protect its hotel guests, including Plaintiff John Chevarria, from a dangerous condition on its premises that presented an unreasonable risk of harm to hotel guests, including Plaintiff John Chevarria.

41. Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar, by failing to warn guests of the slip and fall hazard in the area in front of the rooftop elevators, breached its duty to protect its hotel guests, including Plaintiff John Chevarria, from a dangerous condition on its premises that presented an unreasonable risk of harm to hotel guests, including Plaintiff John Chevarria.

42. As a result of the failures and/or actions and/or inactions of Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar, and/or of their employees/agents, as described herein, Plaintiff John Chevarria has suffered severe and permanent personal injuries.

43. As a direct and proximate cause of the negligence, carelessness and/or recklessness of Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar, Plaintiff John Chevarria suffered severe and permanent personal injuries. As a further direct and proximate result of such negligence, carelessness or recklessness, Plaintiff John Chevarria has suffered injuries, damages, and losses as follows:

    a. past, present, and future hospital and healthcare expenses;
    b. past, present and future lost income;
    c. impairment of future earning capacity;
    d. other economic damages not yet determined;
    e. past, present and future physical and mental pain and suffering;
    f. past, present and future loss of enjoyment of life;
    g. past, present and future emotional distress;
    h. permanent disfigurement;
    i. permanent physical impairment; and
    j. other injuries and damages not yet determined.

### FIRST CLAIM FOR RELIEF
*(Premises Liability – All Defendants)*

44. All preceding paragraphs are incorporated as if fully set forth herein.

45. At all times material, Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar negligently possessed, occupied, maintained, managed, equipped, operated, leased, owned and/or otherwise controlled the property commonly referred to as Ameristar Black Hawk, 111 Richman Street, Black Hawk, Colorado 80422.

46. At all times material, Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar, as the lessor, owner, occupier, manager, and/or controller of the Ameristar Black Hawk, owed a duty of reasonable care to protect guests of Ameristar Black Hawk, including Plaintiff John Chevarria, against dangers on its premises of which it knew or should have known, to warn of said dangers so as to prevent harm or injury, and to adequately maintain its premises so as to prevent harm or injury.

47. At all times material, Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar failed to possess, occupy, maintain, manage, equip, operate, lease, own, and/or otherwise control Ameristar Black Hawk in a safe manner, and thus created, allowed to exist, and/or failed to remedy, an unreasonably dangerous condition on the aforementioned property as set forth above.

48. At all times material, Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar created, allowed to exist, failed to warn against, and/or failed to remedy the unreasonably dangerous condition, and they knew, or in the exercise of reasonable care should have known, that their negligent, careless, and reckless management, maintenance, equipping, operation, and/or controlling of the Ameristar Black Hawk created a dangerous condition on said property that posed an unreasonable risk of harm to hotel guests, all of which proximately and directly caused Plaintiff John Chevarria to suffer the severe and permanent injuries, damages, and losses herein described.

## SECOND CLAIM FOR RELIEF
*(Negligence – All Defendants)*

49. All of the preceding paragraphs are incorporated as though fully set forth herein.

50. Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar's negligent acts and omissions, as set forth above, were the direct and proximate cause of Plaintiff John Chevarria's injuries, harms and losses herein as previously set forth.

51. As a result of Defendants GLPI, Gold Merger, Pinnacle and/or Ameristar's negligence, Plaintiff John Chevarria sustained serious and permanent injuries, harms and losses.

## THIRD CLAIM FOR RELIEF
*(Spousal Consortium – Kelley Chevarria)*

52. All preceding paragraphs are incorporated as if fully set forth herein.

53. Plaintiffs John and Kelley Chevarria were married at the time of the incidents complained of herein, and they are still married today.

54. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar, and of the resulting injuries to Plaintiff John Chevarria, Plaintiff Kelley Chevarria suffered and continues to suffer damages, including but not limited to:

    a. loss of society;
    b. loss of companionship;
    c. loss of support;
    d. loss of consortium;
    e. other injuries not yet determined.

## COMMON PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request monetary damages from Defendant GLPI, Gold Merger, Pinnacle and/or Ameristar in an amount to fairly and justly compensate them for past and future injuries, damages, and losses, plus statutory interest from the date this cause of action accrued, pre-judgment interest, post-judgment interest, and interest as otherwise allowed by Colorado law; court costs; costs, expert witness fees; deposition expenses; attorney fees if applicable; and for such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS ON ALL ISSUES SO TRIABLE**

Dated:. March 23, 2020

Respectfully submitted,

Patrick & Knoebel, LLC

*/s/ Tyler C. Patrick*
Tyler C. Patrick

*/s/ Corey W. Knoebel*
Corey W. Knoebel

Overstreet, Homar & Kuker

*/s/ Travis Koch*
Travis W. Koch

ATTORNEYS FOR PLAINTIFFS

\* *In accordance with C.R.C.P. 121-1-26(9), a printed copy of this document with original signatures is being maintained by this office and will be made available for inspection by other parties or the Court*

*Original duly signed and on file at the offices of Patrick & Knoebel, LLC*

/s/ Tyler C. Patrick
Tyler C. Patrick

9