IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01129-RBJ

**JOHN CHEVARRIA**
Plaintiff

v.

**AMERISTAR CASINO BLACK HAWK, LLC**
Defendant

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, John Chevarria, by and through undersigned counsel, Patrick & Knoebel, LLC, and for Plaintiff's Amended Complaint against the above-captioned Defendant, states and alleges as follows:

### PARTIES

1. Plaintiff John Chevarriais, is and was at all relevant times, a resident of Cheyenne, Wyoming.

2. At all times relevant, Defendant Ameristar Casino Black Hawk, LLC d/b/a Ameristar Black Hawk (hereinafter "Defendant Ameristar") was and is a Colorado Limited Liability Company with its principal office address at 111 Richman Street, Black Hawk, Colorado 80422.

3. At all times material, Defendant Ameristar owned, leased, controlled and/or was in possession of the real property in which Ameristar Black Hawk, a hotel and casino, is operated, and participates in the operation of Ameristar Black Hawk, located at 111 Richman Street, Black Hawk, Gilpin County, Colorado 80422. Defendant Ameristar admits that it was and is the "landowner" of the Ameristar Black Hawk for purposes of this action as defined by Colorado's Premises Liability Act.

### JURISDICTION AND VENUE

4. The incidents which form the basis of this complaint occurred on May 12, 2018.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this district, pursuant to 28 U.S.C.§ 1441(a), because Defendant Ameristar's premises upon which Plaintiff John Chevarria was injured is located in Colorado, and because Defendant does business in Colorado.

7. As a direct and proximate result of the acts, omissions and events complained of herein, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this court.

## GENERAL ALLEGATIONS

8. All of the preceding paragraphs are incorporated as though fully set forth herein.

9. The premises at issue herein, the Ameristar Black Hawk, is a hotel and casino located at 111 Richman Street, Black Hawk, Colorado.

10. On information and belief, on May 12, 2018, Defendant Ameristar was in exclusive possession of Ameristar Black Hawk located at 111 Richman Street, Black Hawk, Colorado, maintained control of said premises, and had a duty to undertake maintenance of said premises to protect the members of the general public, including the Plaintiff, invited and solicited to stay as guests of the Ameristar Black Hawk located on such premises from foreseeable harm and danger.

11. Defendant Ameristar invited the general public to enter Ameristar Black Hawk located at 111 Richman Street, Black Hawk, Colorado and transact business in said hotel and casino for the mutual benefit of the customer and of said Defendant.

12. Defendant Ameristar is, and at all times material hereto was, a "landowner" as defined by the Colorado Premises Liability Act, C.R.S. Section 13-21-115, et. seq. and was the entity responsible, in whole or in part, for activities conducted on the premises of the Ameristar Black Hawk, and conditions existing therein.

13. The Ameristar Black Hawk has an indoor swimming pool which is located on the rooftop of the hotel, as well as an outdoor hot-tub area which is located on the patio of the hotel's rooftop. The indoor pool area and patio are separated by a glass wall and a door that can be used to enter or exit each area.

14. In order the access the rooftop pool and hot tub area of the hotel by elevator, guests of Ameristar Black Hawk use a specific bank of elevators to transport themselves from other floors of the hotel to the rooftop pool area. Said elevator bank contains the only elevators that provide access to the hotel's rooftop pool area.

15. Ameristar Black Hawk's elevators require guests to use a key card to access the rooftop.

16. At all times of the events described herein on May 12, 2018, Plaintiff John Chevarria was an invitee of the subject premises as a hotel guest of the Ameristar Black Hawk.

17. On the morning of May 12, 2018, Plaintiff John Chevarria left his hotel room at Ameristar Black Hawk and went to the hotel rooftop to use its outdoor hot tub.

18. After using the outdoor hot tub for a short period of time, Plaintiff exited the tub and walked to the door entering the indoor pool area.

19. Once indoors, Plaintiff John Chevarria carefully toweled off to prevent dripping on the way back to his hotel room.

20. After toweling off, Plaintiff John Chevarria then walked the short distance from the pool area to the rooftop elevator bank to return from the hotel roof top to his room.

21. The flooring from the pool area to the rooftop elevator bank is made of many materials, however, the flooring in the area of the rooftop elevator bank consists of a smooth tile surface.

22. Once the elevator arrived, Plaintiff John Chevarria took two steps on the tile toward the open elevator, slipped on standing water that was invisible on the tile floor, and fell hard onto the floor.

23. The standing water had accumulated on the tile in front of the elevator as the result of other hotel guests that had used the pool or hot tubs and walked to the elevators without fully drying off.

24. It was reasonably foreseeable to Defendants that hotel guests of Ameristar Black Hawk that had used the pool or hot tubs would have to wait for an elevator to return them to their rooms, and would drip water on the floor, including the smooth tile surface in front of the elevators.

25. At the time of the subject incident, Ameristar Black Hawk did not have any floor mats placed upon or other slip-resistant materials applied to the smooth tile surface in front of the rooftop elevators.

26. At the time of the subject incident, Ameristar Black Hawk did not have any signage or other posting to warn hotel guests that the area in front the rooftop elevators was slippery or otherwise presented a danger to hotel guests.

27. Defendant Ameristar owed its hotel guests, including Plaintiff John Chevarria, the non-delegable duty to use reasonable care to protect hotel guests on its premises from all unreasonable risks to their health and safety which were or should have been known to said Defendants.

28. Defendant Ameristar owed its hotel guests, including Plaintiff John Chevarria, the non-delegable duty to use reasonable care to warn said hotel guests of any dangers they might encounter which were or should have been known to Defendants.

29. Defendant Ameristar owed its hotel guests, including Plaintiff John Chevarria, the non-delegable duty to use reasonable care to properly maintain its premises and hotel to prevent said hotel guests from encountering preventable hazards in said premises, and prevent such customers from suffering injuries which could result in severe and permanent physical harms and losses.

30. Defendant Ameristar owed its hotel guests, including Plaintiff John Chevarria, the non-delegable duty to use reasonable care to identify hazards which may exist in its hotel by virtue of its choices of flooring and the placement of such flooring, and to use reasonable care to protect its customers from foreseeable injury caused by such choices.

31. Defendant Ameristar owed its hotel guests, including Plaintiff John Chevarria, the non-delegable duty to use reasonable care to train its employees to identify potential circumstances which could cause injury to hotel guests who patronize Ameristar Black Hawk, and to use all reasonable safety methods to protect themselves and hotel guests from avoidable injury.

32. Defendant Ameristar knew or in the exercise of reasonable care should have known that the tile flooring in the rooftop elevator bank area created a dangerous condition that presented an unreasonable risk to the health and safety of hotel guests on its premises, including Plaintiff John Chevarria.

33. Defendant Ameristar breached their duty to hotel guests of Ameristar Black Hawk, including Plaintiff John Chevarria, by failing to use reasonable care to protect said hotel guests, against the dangerous condition on the property, with actual or constructive knowledge of the danger, by failing to remove, correct or protect against said danger, by failing to warn hotel guests, including Plaintiff John Chevarria, about the existence of the hazard and danger which was, or reasonably should have been known, and by failing to properly and adequately maintain said premises to prevent hotel guests from exposure to unreasonable dangers in said premises.

34. Defendant Ameristar, by choosing to install smooth tile flooring in a high traffic area where it was foreseeable that water would regularly accumulate, breached its duty to protect its hotel guests, including Plaintiff John Chevarria, from a dangerous condition on its premises that presented an unreasonable risk of harm to hotel guests, including Plaintiff John Chevarria.

35. Defendant Ameristar, by failing to place floor mats or some other slip-resistant material on the tile flooring in the high traffic area of the rooftop elevators where it was foreseeable that water would accumulate, breached its duty to protect its hotel guests, including Plaintiff John Chevarria, from a dangerous condition on its premises that

presented an unreasonable risk of harm to hotel guests, including Plaintiff John Chevarria.

36. Defendant Ameristar, by failing to maintain and/or remove standing water in the area of the rooftop elevators, breached its duty to protect its hotel guests, including Plaintiff John Chevarria, from a dangerous condition on its premises that presented an unreasonable risk of harm to hotel guests, including Plaintiff John Chevarria.

37. Defendant Ameristar, by failing to warn guests of the slip and fall hazard in the area in front of the rooftop elevators, breached its duty to protect its hotel guests, including Plaintiff John Chevarria, from a dangerous condition on its premises that presented an unreasonable risk of harm to hotel guests, including Plaintiff John Chevarria.

38. As a result of the failures and/or actions and/or inactions of Defendant Ameristar, and/or of their employees/agents, as described herein, Plaintiff John Chevarria has suffered severe and permanent personal injuries.

39. As a direct and proximate cause of the negligence, carelessness and/or recklessness of Defendant Ameristar, Plaintiff John Chevarria suffered severe and permanent personal injuries. As a further direct and proximate result of such negligence, carelessness or recklessness, Plaintiff John Chevarria has suffered injuries, damages, and losses as follows:

    a. past, present, and future hospital and healthcare expenses;
    b. past, present and future lost income;
    c. impairment of future earning capacity;
    d. other economic damages not yet determined;
    e. past, present and future physical and mental pain and suffering;
    f. past, present and future loss of enjoyment of life;
    g. past, present and future emotional distress;
    h. permanent disfigurement;
    i. permanent physical impairment; and
    j. other injuries and damages not yet determined.

**FIRST CLAIM FOR RELIEF**
*(Premises Liability –Defendant Ameristar)*

40. All preceding paragraphs are incorporated as if fully set forth herein.

41. At all times material, Defendant Ameristar negligently possessed, occupied, maintained, managed, equipped, operated, leased, owned and/or otherwise controlled the property commonly referred to as Ameristar Black Hawk, 111 Richman Street, Black Hawk, Colorado 80422.

42. At all times material, Defendant Ameristar, as the lessor, owner, occupier, manager, and/or controller of the Ameristar Black Hawk, owed a duty of reasonable care to

   protect guests of Ameristar Black Hawk, including Plaintiff John Chevarria, against dangers on its premises of which it knew or should have known, to warn of said dangers so as to prevent harm or injury, and to adequately maintain its premises so as to prevent harm or injury.

43. At all times material, Defendant Ameristar failed to possess, occupy, maintain, manage, equip, operate, lease, own, and/or otherwise control Ameristar Black Hawk in a safe manner, and thus created, allowed to exist, and/or failed to remedy, an unreasonably dangerous condition on the aforementioned property as set forth above.

44. At all times material, Defendant Ameristar created, allowed to exist, failed to warn against, and/or failed to remedy the unreasonably dangerous condition, and they knew, or in the exercise of reasonable care should have known, that their negligent, careless, and reckless management, maintenance, equipping, operation, and/or controlling of the Ameristar Black Hawk created a dangerous condition on said property that posed an unreasonable risk of harm to hotel guests, all of which proximately and directly caused Plaintiff John Chevarria to suffer the severe and permanent injuries, damages, and losses herein described.

## COMMON PRAYER FOR RELIEF

  WHEREFORE, Plaintiff respectfully request monetary damages from Defendant Ameristar in an amount to fairly and justly compensate them for past and future injuries, damages, and losses, plus statutory interest from the date this cause of action accrued, pre-judgment interest, post-judgment interest, and interest as otherwise allowed by Colorado law; court costs; costs, expert witness fees; deposition expenses; attorney fees if applicable; and for such other and further relief as the Court may deem just and proper.

  PLAINTIFF HEREBY DEMANDS JURY TRIAL ON ALL ISSUES SO TRIABLE

Dated: October 29, 2020

                Respectfully submitted,

                Patrick & Knoebel, LLC

                */s/ Tyler C. Patrick*
                Tyler C. Patrick


                ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing **PLAINTIFF'S FIRST AMENDED COMPLAINT** was served via CM/ECF this 29th day of October, 2020 to the following addresses:

Anthony Derwinski
Ruegsegger Simons & Stern, LLC
1700 Lincoln Street, Suite 4500
Denver, Colorado 802023
aderwinski@rs3legal.com

                                                           */s/ Tyler C. Patrick*